UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHANCE OUNSOMBATH, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| v. | ) | CAUSE NO: 3:17-mc-9999 |
| | ) | |
| MURFREESBORO POLICE DEPARTMENT, | ) | Judge: |
| | ) | |
| | ) | Magistrate Judge: |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Chance Ounsombath ("Ounsombath"), by counsel, against the Defendant, Murfreesboro Police Department, ("Defendant"), for violating the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq.

### II. PARTIES

2. Ounsombath, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a governmental entity that is located within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 12117.

1

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6. Ounsombath was an applicant to become an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Ounsombath has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

8. Ounsombath is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

9. Ounsombath exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

10. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Middle District of Tennessee; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

11. Ounsombath applied to be a police officer for Defendant on or about June 12, 2016.

12. Ounsombath was given a conditional offer of employment on September 12, 2016. The offer was conditioned upon the passing of a drug and alcohol test, medical examination, and psychological examination.

13. Fifteen total applicants were given conditional offers.

14. In 2007, Ounsombath was diagnosed with service-connected Post-Traumatic Stress Disorder ("PTSD") related to his experiences in the United States Army.

15. At all times relevant, Ounsombath was qualified for and could perform the essential functions of a police officer position. In fact, post-diagnosis, Ounsombath worked as a police officer from 2003 to 2010 and a Special Weapons and Tactics ("SWAT") team member from 2008 to 2010.

16. On or about September 27, 2016, Ounsombath passed his physical examination for the police officer position and Sergeant Justin Lemanski and Glenna Standridge, Administrative Aide, informed Ounsombath that he would receive a higher rate of pay because of his previous law enforcement experience.

17. On September 28, 2016, Ounsombath met with Dr. Murphy Thomas for his psychological examination. During the examination, Dr. Thomas expressed his concern with Ounsombath's PTSD diagnosis and stated that he was afraid that Ounsombath "might freeze up in a high stress situation." He then put Ounsombath's application on hold.

18. On October 3, 2016, Ounsombath notified his background investigator, Lieutenant Garry Carter, that his Veterans Affairs physicians could provide documentation of his capability to work as an officer. Defendant never contacted Ounsombath's physicians to get information regarding Ounsombath's PTSD.

19. On October 11, 2016, Ounsombath was contacted via telephone by Standridge and was told that his conditional offer had been revoked. Deputy Chief

3

Mike Bowen called Ounsombath later that day and informed him that "Dr. Thomas has final say."

## V. LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION – DISPARATE TREATMENT

20. Paragraphs one (1) through nineteen (19) of Ounsombath's Complaint are hereby incorporated.

21. Defendant violated Ounsombath's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by discriminating against him because of his disability.

22. Defendant's actions were intentional, willful and in reckless disregard of Ounsombath's rights as protected by the ADA.

23. Ounsombath has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II - DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

24. Paragraphs one (1) through twenty-three (23) of Ounsombath's Complaint are hereby incorporated.

25. Defendant failed to engage in the interactive process to determine whether an accommodation existed that allow Ounsombath to remain employed with Defendant.

26. Defendant violated Ounsombath's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to accommodate his disability.

27. Defendant's actions were intentional, willful and in reckless disregard of Ounsombath's rights as protected by the ADA.

28. Ounsombath has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Chance Ounsombath, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity;

4. Pay to Plaintiff punitive damages for Defendant's violations of the ADA;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

s/Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:   (615) 783-2171
Facsimile:   (812) 424-1005
E-Mail:      kfb@bdlegal.com

*Attorney for Plaintiff, Chance Ounsombath*

## DEMAND FOR JURY TRIAL

The Plaintiff, Chance Ounsombath, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

s/Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:   (615) 783-2171
Facsimile:   (812) 424-1005
E-Mail:      kfb@bdlegal.com

*Attorney for Plaintiff, Chance Ounsombath*